

# Fourth Court of Appeals
## San Antonio, Texas

July 8, 2019

No. 04-19-00114-CV

James **MCKINNON**,
Appellant

v.

**BANK OF AMERICA, N.A.,**
Appellee

From the County Court, Gillespie County, Texas
Trial Court No. 1638
Honorable Mark Stroeher, Judge Presiding

# O R D E R

Appellant filed his brief on April 10, 2019 followed by an amended brief on April 22, 2019. The briefs fail to comply with the Texas Rules of Appellate Procedure, which govern briefs filed in the appellate courts. Specifically, the amended brief does not contain:

1. "an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited" as required by Rule 38.1(c);

2. a proper statement of facts that "state[s] concisely and *without argument* the facts pertinent to the issues or points presented" and is supported by record references as required by Rule 38.1(g);

3. an argument section that "contain[s] a clear and concise argument for the contentions made, *with appropriate citations to authorities and to the record*" as required by Rule 38.1(i); and

4. a certificate of compliance certifying that the brief contains fewer than "15,000 words if computer-generated, and 50 pages if not" as required by Rule 9.4(i)(2)(B).

*See* TEX. R. APP. P. 9.5, 38.1. Although substantial compliance with these rules is generally sufficient, this court may order a party to amend, supplement, or redraw a brief if it

flagrantly violates the rules. *See id.* R. 38.9(a). We conclude that the formal defects described above constitute flagrant violations of Rules 38.1. and 9.5.

Accordingly, we **ORDER** appellant's briefs stricken and **ORDER** appellant to file an amended brief in this court on or before **August 7, 2019**. The amended brief must correct the violations listed above and fully comply with Rule 38.1 and Rule 9.5. If the amended brief does not comply with this order, we "may strike the brief, prohibit [appellant] from filing another, and proceed as if [appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss appeal if appellant fails to timely file brief). Even if we do not strike the brief and prohibit appellant from filing another brief, we may find that any issues raised by appellant are waived due to inadequate briefing and overrule those issues. *See, e.g., Marin Real Estate Partners v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.).

We recognize that appellant represents himself on appeal, i.e., he is acting pro se. However, the law is clear that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable laws and rules of procedure. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52 (Tex. App.—San Antonio 1999, pet. denied).

If appellant timely files a brief that complies with this order, appellee's brief will be due thirty days after appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

We **order** the clerk of this court to serve a copy of this brief on appellant and all counsel.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of July, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court